**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TROY FOSTER,

    Plaintiff,    3:09-cv-0431-ECR-RAM

vs.

         **ORDER**

STARLIN GENTRY, *et al.*,

    Defendants.

    This action is before the court on removal by defendants on the basis of federal question jurisdiction. Plaintiff Troy Foster, an inmate at the Lovelock Correctional Center, sues defendants under 42 U.S.C. § 1983, 42 U.S.C. § 1986 and various state statutes. Plaintiff has moved for default judgment against the defendants for their failure to answer the complaint (docket #4). Default is opposed by defendants (docket # 7) to which plaintiff has replied (docket #10). This complaint is subject to the provisions of 28 U.S.C. § 1915A and must be reviewed by the court for sufficiency before defendants are required to respond. Thus, default judgment is inappropriate and shall be denied. Furthermore, based upon the following discussion, the complaint shall be dismissed for failure to state a claim upon which relief can be granted.

**I.  Screening Pursuant to 28 U.S.C. § 1915A**

    Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1914A(a). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

Dismissal of a complaint or part thereof for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12 (b)(6), and the court will apply the same standard under §1915 when reviewing a complaint or an amended complaint. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, if it appears to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint, the court may *sua sponte* dismiss the cause of action or portions thereof. *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1309 (9th Cir. 1982).

An entire complaint or portions thereof filed by a prisoner shall be dismissed *sua sponte* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). This includes those that possess legal conclusions that are untenable (e.g., wherein the defendants are immune from suit or claims of infringement of a legal interest which clearly does not exist) as well as those that only contain fanciful factual allegations, (e.g., claims describing fantastic or delusional scenarios). The complaint filed herein is subject to *sua sponte* dismissal prior to service on the named defendants.

**II.   Discussion**

Plaintiff brings various claims based upon a single fact set. He alleges that upon his transfer to Lovelock Correctional Center on November 12, 2008, he was forced to stand outside, strip naked and remain so while he was subjected to a body cavity search in the view of other inmates, staff, and passers-by. Plaintiff asserts these actions violate his rights under the Eight, Fourth and Fourteenth Amendments and also violated certain Nevada statutes. He alleges that he

suffered embarrassment, humiliation and degradation. Plaintiff seeks monetary damages against the individual correctional officers named and injunctive relief against the State of Nevada, *ex rel.* the Nevada Department of Corrections.

To prevail under section 1983, a plaintiff must demonstrate that he has suffered a violation of rights protected by the constitution or federal statute, caused by the conduct of a person acting under color of state law. *Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991).

### Defendants

Plaintiff names individual correctional officers as defendants in their personal and official capacities. These are proper defendants. However, he also identifies the State of Nevada, *ex rel* the Nevada Department of Corrections (NDOC), at least in the heading of his complaint. However, he does not list the NDOC or the state among the parties and he does not mention the NDOC as a defendant within the body of the complaint. Thus, the NDOC and the State of Nevada shall be dismissed from this action.

### Eighth Amendment

Plaintiff contends that his rights under the Eighth Amendment were violated by the defendants' in the conduct of the strip search.

A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Generally, a prison's "obligation under the Eighth Amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.1982). To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve the "wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Here, plaintiff claims he was forced to stand in the cold and inclement weather. He does not claim he became ill or that he suffered any other physical injury. The Prison Litigation Reform Act states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Thus, embarrassment, even degradation does not violate an individual's rights under the Eighth Amendment. The Eighth Amendment claim shall be dismissed with prejudice.

### Conspiracy

Plaintiff adds a claim of conspiracy to the heading of each of his claims for relief. To state a claim for a conspiracy to violate one's constitutional rights under 42 U.S.C. §1983, plaintiff must state specific facts to support the existence of the claimed conspiracy. *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also Branch v. Tunnell*, 937 F.2d 1382, 1386 (9th Cir. 1991) (when pleading a Section 1983 claim requiring a showing of subjective intent, a plaintiff is subject to a heightened pleading standard). A complaint alleging a Section 1983 conspiracy must allege facts showing an agreement or meeting of the minds of the conspirators. *See Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989). The complaint must also include "nonconclusory allegations containing evidence of unlawful intent." *See Branch*, 937 F.2d at 1386. Plaintiff has not stated such facts.

### 42 U.S.C. § 1986[1]

---

[1] 42 U.S.C. § 1986 provides:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons

(continued...)

4

Neither has plaintiff stated any claim under 42 U.S.C. § 1986 which allows a cause of action for individuals who neglect to prevent violations by other.  As stated, the individual defendants were active participants in the acts alleged.

### Fourth Amendment

Plaintiff claiming he has "retain[ed] some expectancy of his Fourth Amendment right [against unreasonable search] while in the care, custody and control of the NDOC..." contends the defendants violated those rights in conducting the search in a "very disrespectful, abusive, inhumane and unreasonable manner."

Prisoners retain a very limited Fourth Amendment right to shield themselves from being observed nude. *See Michenfelder v. Sumner,* 860 F.2d 328, 333-34 (9th cir. 1988).  And, generally strip searches do not violate the Fourth Amendment rights of prisoners. *Id.* at 332-33.  However, strip searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest," may be unconstitutional. *Id.(* citing *Bell v. Wolfish,* 441 U.S. 520, 559 (1979). Plaintiff describes actions that are excessive, vindictive and harassing.  He has stated a claim under the Fourth Amendment against defendants Gentry, Nielsen, Pope, Sims and Terrence on this basis.

---

$^{1}$(...continued)
guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.

42 U.S.C.A. § 1986

5

<u>Fourteenth Amendment</u>

Plaintiff alleges that he was denied equal protection in the outdoor strip search because he was treated differently than other similarly situation offenders." This fails to state a claim for relief.

In order to state an equal protection claim under the Fourteenth Amendment, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Offenders is not a "protected class" for purposes of the equal protection clause.

Plaintiff has failed to state a claim under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution or any violation of federal law. This claim must be dismissed with prejudice, as there exists no set of facts which can be added to successfully state such a claim.

### III.   Conclusion

Plaintiff has presented a claim under the Fourth Amendment for an unreasonable search. All individual defendants named in the complaint shall be made to answer for this claim. The State of Nevada and NDOC shall be dismissed.

**IT IS THEREFORE ORDERED** that the Clerk shall **FILE** the complaint.

**IT IS FURTHER ORDERED** that defendant the State of Nevada, *ex rel.* the Nevada Department of Corrections is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Eighth and Fourteenth Amendment claims and claims under 42 U.S.C. § 1986 are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Fourth Amendment claim **MAY PROCEED** on the complaint.

**IT IS FURTHER ORDERED** that the Clerk shall **electronically serve a copy of this order, along with a copy of Plaintiff's complaint, to the Office of the Attorney General of**

1  **the State of Nevada, c/o Pamela Sharp, Supervising Legal Secretary, 100 North Carson St.,**
2  **Carson City, Nevada 89701-4717**.  The Attorney General shall advise the court within **twenty-one**
3  **(21) days** of the date of entry of this order whether they can accept service of process for the named
4  defendants and the last known address under seal of the defendants for which they cannot accept
5  service.  If the Attorney General accepts service of process for any of the defendants, such
6  defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days**
7  of the date of the notice of acceptance of service.
8           **IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE,**
9  **AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30)**
10 **days** from the date of the entry of this order.
11          **IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon defendants
12 or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading,
13 motion or other document submitted for consideration by the court.  Plaintiff shall include with the
14 original paper submitted for filing a certificate stating the date that a true and correct copy of the
15 document was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of
16 appearance, the plaintiff shall direct service to the individual attorney named in the notice of
17 appearance, at the address stated therein.  The Court may disregard any paper received by a district
18 judge or magistrate judge which has not been filed with the Clerk, and any paper received by a
19 district judge, magistrate judge or the Clerk which fails to include a certificate showing proper
20 service.
21          DATED:  July 19, 2010
22
23                                                            _____
                                                              UNITED STATES DISTRICT JUDGE
24
25
26

_____
Name
_____
Prison Number (if applicable)
_____
Address
_____

_____

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

_____,  )   Case No. _____
             Plaintiff,   )
                             )
v.                              )   **NOTICE OF INTENT TO**
                             )   **PROCEED WITH MEDIATION**
_____  )
                             )
_____  )
            Defendants.   )
_____  )

     This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.    Do you wish to proceed to early mediation in this case? ____ Yes   ____ No

2.    If no, please state the reason(s) you do not wish to proceed with mediation? _____

     _____

     _____

     _____

3.    List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

     _____

     _____

     _____

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of entry of this order.**

<u>Counsel for defendants</u>: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this ____ day of _____, 2010.

_____
Signature

_____
Name of person who prepared or
helped prepare this document

DATED this ____ day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE

9