# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TROY FOSTER, | 3:09-cv-00431-ECR (WGC) |
| Plaintiff, | **ORDER** |
| vs. | |
| STARLIN GENTRY, et al., | |
| Defendants. | |

Before the court is Defendants' Motion for Leave to File Documents in Support of Defendants' Motion for Summary Judgment Under Seal. (Doc. # 36.)

Defendants seek leave to file pages 40-43 of Exhibit A to Defendants' Motion for Summary Judgment under seal. (Doc. # 36.) Pages 40-43 of Exhibit A consist of maps and photographs of Lovelock Correctional Center. (*Id.* at 1.) To support their motion, Defendants cite Nevada Department of Corrections (NDOC) Administrative Regulation (AR) 711, which governs inmate possession of property, and among other things, seeks to "prevent the introduction of contraband or articles which would constitute a threat to the safety of staff and inmates or to the security of the institution/facility." (*Id.*) They also rely on AR 750, governing inmate correspondence and mail, and states that inmates may not receive items "detrimental to security, good order, or discipline or which facilitates criminal activity, including but not limited to…content [that] depicts, encourages, or describes methods of escape from correctional facilities, or contains blueprints, drawings, or similar descriptions of prison institutions." (*Id.*) Defendants argue that maps and photographs of NDOC facilities,

1 particularly those that display the prison fence lines, could pose a threat to institutional
2 security. (*Id.*)

3     "Historically, courts have recognized a general right to inspect and copy public records
4 and documents, including judicial records and documents." *See Kamakana v. City and*
5 *County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and
6 citation omitted). Documents that have been traditionally kept secret, including grand jury
7 transcripts and warrant materials in a pre-indictment investigation, come within an exception
8 to the general right of public access. *See id*. Otherwise, "a strong presumption in favor of
9 access is the starting point." *Id*. (internal quotation marks and citation omitted).

10     A motion to seal documents that are part of the judicial record, or filed in connection
11 with a dispositive motion, as they are here, must meet the "compelling reasons" standard
12 outlined in *Kamakana*. Thus, a party seeking to seal judicial records must show that
13 "compelling reasons supported by specific factual findings…outweigh the general history of
14 access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial
15 court must weigh relevant factors including "the public interest in understanding the judicial
16 process and whether disclosure of the material could result in improper use of the material for
17 scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific*
18 *Creditors Ass'n*, 605 F.3d 665, 679 n. 6 (9th Cir. 2010) (internal quotation marks and citation
19 omitted). While the decision to grant or deny a motion to seal is within the trial court's
20 discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605
21 F.3d at 679.

22     The court finds that compelling reasons exist for keeping pages 40-43 of Exhibit A to
23 Defendants' Motion for Summary Judgment under seal. Specifically, these documents, which
24 consist of photographs and maps of Lovelock Correctional Center, if disseminated, could be
25 used for an improper purpose, *i.e.*, for plans of escape or to disrupt institutional security.

26

27 ///

28

1   Balancing the need for the public's access to against the need to keep the institution safe and
2   secure weighs in favor of sealing pages 40 to 43 of Exhibit A. Therefore, Defendants' motion
3   (Doc. # 36) is **GRANTED**.
4   **IT IS SO ORDERED**.

6   DATED: December 20, 2011

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3